## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY,<br>660 Pennsylvania Avenue, SE, Suite 302<br>Washington, DC 20003 | )<br>)<br>)<br>) | |
| *Plaintiff,* | )<br>) | **Case No.** |
| vs. | )<br>) | **COMPLAINT FOR DECLARATORY** |
| ANIMAL AND PLANT HEALTH<br>INSPECTION SERVICE,<br>1400 Independence Avenue, SW<br>Washington, DC 20250 | )<br>)<br>)<br>)<br>)<br>) | **AND INJUNCTIVE RELIEF** |
| *Defendant.* | )<br>)<br>) | |

## COMPLAINT

Plaintiff Center for Food Safety alleges as follows:

### I.     NATURE OF ACTION

1.     Plaintiff Center for Food Safety (CFS) brings this action under the Freedom of

Information Act (FOIA), 5 U.S.C. § 552. Through a FOIA request, CFS sought records from

Defendant United States Department of Agriculture (USDA) Animal and Plant Health

Inspection Service (APHIS or "the Agency") related to APHIS's proposed update to its

genetically engineered (GE) crop regulations under the Plant Protection Act (PPA). APHIS has

violated FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time

limit, failing to disclose the requested documents, and unlawfully withholding the requested

information. CFS now asks the Court to order APHIS to respond to the request and produce all

responsive agency records improperly withheld from CFS.

2.     Additionally, Defendant has routinely violated FOIA by consistently ignoring

Plaintiff's requests that pertain to APHIS's oversight of GE crops, unlawfully and unreasonably delaying responses, and withholding public disclosure of information sought by Plaintiff. APHIS regularly delays or withholds disclosure of information to which Plaintiff is entitled and for which no valid disclosure exemption or unusual circumstances apply. APHIS has maintained an illegal pattern, practice, or policy of: 1) unreasonable delay in responding to Plaintiff's FOIA requests; 2) failing to timely disclose requested documents; and 3) unlawfully withholding requested information.

3.    Plaintiff seeks declaratory relief establishing that Defendant has violated FOIA as to its PPA regulations update request, and injunctive relief directing Defendant to promptly provide Plaintiff with the requested information. Further, Plaintiff seeks a declaratory judgment establishing that Defendant has a pattern, practice, or policy of violating FOIA as to requests by Plaintiff relating to APHIS's regulation of GE crops, and injunctive relief enjoining Defendant from maintaining such a pattern, practice, or policy.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

5.    This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because no real property is involved in this action and Plaintiff is incorporated and has its principal place of business in this district. Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

7.    This Court has the authority to award costs and attorneys' fees under 28 U.S.C.

§ 2414 and 5 U.S.C. § 552(a)(4)(E).

## III.   PARTIES

8.      Plaintiff CFS is a national nonprofit organization incorporated in the District of Columbia, with offices in the District of Columbia; San Francisco, California; Portland, Oregon; and Honolulu, Hawai'i. CFS represents more than 700,000 farmer and consumer members throughout the country who support safe, sustainable agriculture.

9.      CFS's mission is to empower people, support farmers, and protect the earth from the harmful impacts of industrial agriculture. A cornerstone of this mission is to inform, educate, and counsel CFS members, policymakers, and the public on the harm done by industrial agriculture to public health, animal welfare, and the environment. CFS utilizes regulatory actions, citizen engagement, legislation, and, when necessary, litigation, to promote transparency and accountability in agriculture. CFS also acts as a watchdog by ensuring that federal agencies with regulatory authority over aspects of food production, such as APHIS, comply with their statutory mandates as well as other environmental laws, such as the National Environmental Policy Act and the Endangered Species Act.

10.     CFS is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 522(a)(4)(A)(iii).

11.     CFS has long had a comprehensive program dedicated to improving federal oversight of agricultural biotechnology and GE crops specifically, to ensure public health and safety, as well as to prevent environmental or agronomic harms. CFS advocates for thorough, science-based safety testing of GE products prior to any marketing; cultivation of GE crops in a manner that minimizes any risk of contaminating conventional food supplies or the environment, and negative impacts such as increased use of pesticides and evolution of

herbicide-resistant weeds; and appropriate labeling of foods that are or contain GE products. CFS also seeks to provide consumers with a means of identifying GE foods on the market and to encourage full public participation in defining the issues presented by GE crops.

12.     Because CFS is dedicated to stringent pre-commercialization safety and environmental review of GE crops and to minimizing any risks of GE crop cultivation, APHIS's biotechnology regulatory procedures and standards are of particular concern to CFS. CFS regularly seeks, uses, and distributes public records to support its mission and carry out legal and other actions.

13.     Defendant APHIS is an agency of the United States, within the meaning of 5 U.S.C. § 552(f)(1), and has a duty to provide public access to documents in its possession consistent with the requirements of FOIA. It has possession of, and control over, the records that Plaintiff seeks, and is denying Plaintiff access to its records in contravention of federal law.

## IV.     STATUTORY FRAMEWORK

14.     FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A), (f).

15.     In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *Id*. § 552(a)(6)(A).

16.     An agency must comply with a FOIA request by issuing a determination within twenty days after receipt of the request. *Id*. § 552(a)(6)(A)(i).

17.     The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

18.     An agency is entitled to one ten-day extension of time to respond to a request if it

provides written notice to the requester stating that "unusual circumstances" exist that warrant

additional time. 5 U.S.C. § 552(a)(6)(B).

19.     An agency must immediately notify the requester of its determination and the

reasons for it, and of the right of such person to appeal an adverse determination. *Id.*

§ 552(a)(6)(A)(ii).

20.     An agency has twenty days to make a determination with respect to any

appeal.  *Id.* § 552(a)(6)(A)(ii).

21.     An agency's failure to comply with any timing requirements is deemed

constructive denial and satisfies the requester's requirement to exhaust administrative remedies.

*Id.* § 552(a)(6)(C)(i).

22.     A FOIA requester who exhausts administrative remedies may petition the court

for injunctive and declaratory relief from the agency's continued withholding of public

records.  *Id.* § 552(a)(4)(B).

## V.     FACTUAL BACKGROUND

***Plant Protection Act Rulemaking***

23.     Genetically engineered crops are the subject of great public interest both in the

United States and abroad. The commercialization of the first GE crops began over fifteen years

ago. Now, up to eighty-five percent of corn, ninety-one percent of soybeans, and eighty-eight

percent of cotton grown in the United States is GE. Controversial issues that continue to generate

public interest and debate surrounding GE crops and subsequent GE foods include federal

regulators' lack of independent testing or safety approval before commercialization; lack of

labeling requirements; the growing control of seed supply by the agrochemical companies that

5

genetically engineer seeds; the fact that the vast majority of GE crops are engineered solely to be resistant to pesticides and have, as a consequence, dramatically increased overall agricultural pesticide output in the United States; the inability of genetic engineering to increase yields; the creation of herbicide-resistant "superweeds" that require treatment with increasingly-toxic chemicals; the transgenic contamination of traditional and organic crops by GE crops; and other adverse environmental and health impacts and unknowns associated with their use.

24.     APHIS oversees GE crops under the Plant Protection Act of 2000. 7 U.S.C. § 7701 *et seq.* APHIS's GE crop regulations are contained in 7 C.F.R. Pt. 340. These regulations predate the PPA; they were based on older, narrower statutes, and were last updated in 1996. Under these regulations, APHIS retains control over certain GE crops as "regulated articles" unless and until they are "deregulated" through a petition procedure. *See* 7 U.S.C. § 7711(c)(2); 7 C.F.R. §§ 340.1-340.6.

25.     Unfortunately, APHIS's use of its existing regulatory oversight has failed to adequately contain and assess the risks that GE crops present. For example, transgenic pollen from experimental GE crop field trials has repeatedly been found to escape and contaminate traditional crops or native ecosystems. APHIS's analyses of GE crops' environmental and agronomic impacts have been self-constrained, and frequently have ignored significant impacts. Currently, after GE crops are commercialized, APHIS does not continue to monitor or regulate them in any way. Unless and until APHIS updates its GE regulations, commercialized GE crops are wholly unregulated and their negative effects unaddressed.

26.     APHIS has recognized the serious environmental problems presented by GE crops, and the need to update its regulations to reflect both the new statutory authority provided by the PPA, as well as the current reality of genetic engineering in United States agriculture.

Accordingly, the Agency took the critical step of proposing to amend and update its GE regulations to fully implement the PPA of 2000.

27.     APHIS first began the process of updating its current GE regulations to implement the PPA over a decade ago. On January 23, 2004, the Agency published a notice of intent to prepare an Environmental Impact Statement (EIS) "in connection with potential changes to the regulations regarding the importation, interstate movement, and environmental release of certain genetically engineered organisms." Envtl. Impact Statement; Introduction of Genetically Engineered Organisms, 69 Fed. Reg. 3271 (Jan. 23, 2004).

28.     After the comment period was closed and subsequently re-opened in March and April 2004, APHIS issued a draft EIS in anticipation of proposing a new rule and sought further public comment. *See* Introduction of Organisms and Products Altered or Produced Through Genetic Engineering, 72 Fed. Reg. 39,021 (July 17, 2007).

29.     APHIS published its proposed updated GE regulations on October 9, 2008. *See* Importation, Interstate Movement, and Release into the Env't of Certain Genetically Engineered Organisms, 73 Fed. Reg. 60,008, 60,011 (Oct. 9, 2008).

30.     Comments were originally due on November 24, 2008. *Id.* APHIS twice re-opened the comment period regarding the proposed regulations in 2009. *See* Importation, Interstate Movement, and Release into the Env't of Certain Genetically Engineered Organisms, 74 Fed. Reg. 2907 (Jan. 16, 2009) and 74 Fed. Reg. 16,797 (Apr. 13, 2009). Plaintiff commented at every opportunity during this process.

31.     APHIS took no further action on the proposed regulations until March 4, 2015. On that date, the Agency announced that, instead of completing or continuing the process of updating its GE regulations, it was suddenly withdrawing the proposed regulations entirely.

Importation, Interstate Movement, and Release into the Env't of Certain Genetically Engineered

Organisms, 80 Fed. Reg. 11,598 (Mar. 4, 2015).

***Plaintiff's FOIA Request 2015-APHIS-01298-F***

32.     Plaintiff first learned that APHIS was planning to withdraw the proposed updated

GE regulations in December 2014, through the Unified Agenda posted online. As this is a matter

of critical concern to Plaintiff, Plaintiff immediately prepared a FOIA request to APHIS related

to the status of the proposed rules.

33.     Plaintiff submitted its FOIA request to APHIS on December 3, 2014. *See* van

Saun Decl. Ex. 1, at 1-4. Specifically, Plaintiff requested:

> All documents related to the status and/or progress of APHIS's proposed update
> of Plant Protection Act regulations, 73 Fed. Reg. 60,008 (Oct. 9, 2008) (to be
> codified at 7 C.F.R. Pt. 340).

> This specifically includes any information related to APHIS's planned withdrawal
> of the proposed rule, as indicated by the Unified Agenda 0579-AC31, available at
> http://www.reginfo.gov/public/do/eAgendaViewRule?pubId=201410&RIN=0579
> -AC31.

> This request does *not* include publicly-available submissions to the rulemaking
> docket (Docket No. APHIS-2008-0023), or documents previously released to CFS
> under FOIA Request 2013-APHIS-03770-F.

34.     Pursuant to FOIA, APHIS was required to respond by January 2, 2015. 5 U.S.C.

§ 552(a)(6)(A)(i); van Saun Decl. Ex. 1, at 5. Having received no response or acknowledgement

that APHIS had received its request, Plaintiff contacted APHIS through email on January 5,

2015, requesting a confirmation number and acknowledgement of the request, as well as an

estimate of the response date and release of any responsive records. *See* van Saun Decl. Ex. 1, at

13-14.

35.     On January 5, 2015, APHIS's Freedom of Information & Privacy Acts Director

responded via email, stating that the APHIS FOIA office "inadvertently overlooked [Plaintiff's]

FOIA request" and failed to log it. *Id.* at 13. Plaintiff received an acknowledgement letter dated January 6, 2015. *Id.* at 5. The letter assigned the request number 2015-APHIS-01298-F and confirmed that APHIS's required response date was January 2, 2015—four days *before* APHIS even provided an acknowledgment of Plaintiff's request. *Id.*

36.     Plaintiff again requested an estimated response date for the request via email on January 9, 2015. *Id.* at 12-14.

37.     Plaintiff received two emails from APHIS on January 13, 2015—one from the Freedom of Information & Privacy Acts Director and one from a FOIA Program Specialist— both stating that they did not have any estimated response date. *Id.* at 11-12.

38.     At APHIS's request, Plaintiff clarified the scope of the FOIA request by telephone conversation on January 15, 2015. Nearly two months later, on March 11, 2015, APHIS sent Plaintiff a clarification letter memorializing the January conversation. *Id.* at 9-10.

39.     Having heard nothing more from APHIS, on March 31, 2015—four months after Plaintiff submitted the request, and three months past the statutory deadline—Plaintiff sought a status update from APHIS via email. APHIS did not respond. *Id.* at 9.

40.     Plaintiff again sought an update on April 16, 2015. *Id.* On April 20, a FOIA Program Specialist responded only that the record search was ongoing, and did not provide any estimated time for responsive documents to be released. *Id.* at 8-9.

41.     Plaintiff requested updates repeatedly, on June 25, July 6, July 13, and July 20, 2015. APHIS steadfastly failed to provide any responsive records, the volume of such records, or any estimate of when responsive records would be released. *Id.* at 7-8.

42.     In correspondence with APHIS, Plaintiff stated several times that APHIS's response was time sensitive and that Plaintiff sought the records as soon as possible. *See id.* at 7.

43.     Eight months after APHIS received Plaintiff's request, in July 2015, it finally indicated the volume of the responsive records, but still failed to provide an estimated time for their release. *Id.* at 6.

44.     To date—nearly nine months after submitting the request and eight months after the statutory response deadline—Plaintiff has not received any documents in response to its FOIA request, nor an estimated response date.

45.     Plaintiff has fully exhausted its administrative remedies. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C). Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

**APHIS's Pattern, Practice, or Policy of Violating FOIA**

46.     APHIS's unreasonable delay in responding to Plaintiff's FOIA request regarding the proposed PPA rulemaking is far from an isolated incident. To the contrary, APHIS's lack of response represents just the latest example in a history of egregious delays dating back more than a decade. Nearly all of APHIS's past responses to Plaintiff's requests for information about GE crops and field trials have been unreasonably late, with delays ranging from several months to several years after the statutory deadline. In fact, APHIS has failed to respond to some of these requests entirely.

47.     Since at least 2002, Plaintiff has made dozens of FOIA requests to APHIS regarding GE organisms and APHIS's regulation and oversight of GE crops. APHIS has routinely failed to timely respond to at least twenty-nine of Plaintiff's FOIA requests and appeals regarding GE crops over the years. *See* van Saun Decl. Ex. 30. Just this year alone, APHIS has failed to respond to seven of Plaintiff's FOIA requests and appeals by the statutory deadline, if at

all.

48.     In every instance detailed below, the Agency has failed to comply with statutory

deadlines. Many times it has failed entirely to provide responsive records, even years later. When

it does provide records, it unreasonably delays its response without a valid excuse; in fact,

throughout the pendency of the requests and appeals detailed below, the Agency has only once

invoked the "unusual circumstances" exception to its statutory response deadline.

49.     On July 20, 2002, Plaintiff made a FOIA request (2002-582) to APHIS regarding

experimental field testing of GE wheat, a crop that has never been approved for commercial use,

but has been found to have contaminated traditional farmers. After acknowledging Plaintiff's

FOIA request on July 31, 2002, and the statutory response date of August 16, 2002, APHIS

failed to respond to repeated requests for updates over the next ten months. Several rounds of

communications back and forth over nearly two years failed to yield any response by APHIS.

Due to APHIS's unreasonable delay, Plaintiff was forced to file a lawsuit to compel APHIS to

respond. *Ctr. for Food Safety v. USDA*, No. 05-cv-01245 (D.D.C. June 22, 2005). APHIS

eventually did respond, with the final response letter dated June 12, 2009—nearly seven years

later. *See* van Saun Decl. Ex. 2.

50.     On November 30, 2004, Plaintiff made a FOIA request (2005-116) to APHIS

regarding accidental release of GE "Roundup Ready" creeping bentgrass from experimental field

trials in Oregon. The statutorily-required response date was December 29, 2004. After Plaintiff

followed up several times over the years, APHIS finally responded on May 12, 2009—over four

years later. *See* van Saun Decl. Ex. 3.

51.     On August 23, 2006, Plaintiff made a FOIA request (2006-996) to APHIS

regarding GE "Liberty Link" rice, another experimental crop that has never been approved but

still was found to have contaminated traditional United States farmers. APHIS acknowledged this request and the statutory deadline of September 21, 2006. Due to APHIS's failure to provide the responsive documents, Plaintiff was forced to appeal the withholding on February 16, 2007. APHIS failed to provide the full responsive records, however, until November 18, 2010—over four years after the initial deadline, and nearly four years after the appeal deadline. *See* van Saun Decl. Ex. 4.

52.     On August 27, 2009, Plaintiff sent a letter to USDA to follow up on five requests dating from 2006 to 2009, which were either still pending or for which Plaintiff had only received a partial response. To Plaintiff's knowledge, APHIS never responded to this correspondence. *See* van Saun Decl. Ex. 30.

53.     On April 9, 2010, Plaintiff made a FOIA request (2010-365) to APHIS regarding GE glyphosate-resistant creeping bentgrass, relating only to documents from July 14, 2009, through April 9, 2010. The statutorily-required response date was May 7, 2010. Despite the limited nature of this request, APHIS did not provide a response until April 27, 2015—nearly five years after the statutory deadline. *See* van Saun Decl. Ex. 5.

54.     On January 31, 2011, Plaintiff made a FOIA request (2011-244) to APHIS regarding GE "Roundup Ready" alfalfa, the first and only GE perennial crop, and one that has been the subject of much litigation and controversy. APHIS acknowledged the request on February 8, 2011, and stated the March 9, 2011, deadline. APHIS subsequently requested an extension and estimated that the review of responsive records would be complete by March 31, 2011. After Plaintiff continued to make inquiries, APHIS finally issued its response on June 22, 2012—over a year after the extended deadline. In that response, APHIS withheld 1179 documents in their entirety. *See* van Saun Decl. Ex. 6.

55.     On March 30, 2012, Plaintiff made a FOIA request (2012-APHIS-02029-F) to APHIS seeking documents provided to another organization, Truthout.org, regarding APHIS's approval of GE "Roundup Ready" alfalfa and sugar beets, GE alpha-amylase corn, and other documents related to GE crop regulation and oversight. The statutorily-required response date was April 27, 2012. APHIS delayed producing these documents—despite having previously collected, reviewed, and released them—for nearly three years past the deadline, until March 12, 2015. *See* van Saun Decl. Ex. 7.

56.     On August 6, 2012, Plaintiff timely filed an appeal (2013-APHIS-00149-A) to APHIS regarding its GE alfalfa FOIA request (2011-244; *see supra* ¶ 54). Due to APHIS's total lack of response, Plaintiff was forced to file a legal action on March 12, 2014, to compel APHIS to respond to its appeal and release all non-exempt documents improperly withheld. The litigation is ongoing. *See Ctr. for Food Safety v. APHIS*, No. 1:14-cv-398 (D.D.C. Mar. 12, 2014); *see* van Saun Decl. Ex. 8.

57.     Also on August 6, 2012, Plaintiff made a FOIA request (2012-APHIS-03257-F) to APHIS regarding the potential first-ever experimental testing of GE mosquitoes in the United States. APHIS was statutorily required to respond by September 1, 2012. To the best of Plaintiff's knowledge, APHIS has only provided two partial responses to date—three years later. Plaintiff received the most recent response over one year and seven months ago, on January 6, 2014. *See* van Saun Decl. Ex. 9.

58.     On December 14, 2012, Plaintiff made a FOIA request (2013-APHIS-00988) to APHIS regarding the experimental testing of GE eucalyptus trees, which would be the first GE forest trees. APHIS was statutorily required to respond by January 15, 2013. The Agency initially made four partial responses from March 14, 2013, through June 28, 2013, but then failed

to complete its review and disclosure of responsive records. To date, it has not provided a final

response. *See* van Saun Decl. Ex. 10.

59.     On June 4, 2013, Plaintiff made a FOIA request (2013-APHIS-03767-F) to

APHIS regarding GE wheat field trials. APHIS acknowledged this request and the

statutorily-required response date of July 3, 2013. APHIS provided partial responses in 2013 and

on February 18, 2015, but to date APHIS has not provided a final response—nearly two years

after the statutory response date. *See* van Saun Decl. Ex. 11.

60.     On June 6, 2013, Plaintiff made a FOIA request (2013-APHIS-03770-F) to

APHIS regarding the same PPA proposed rulemaking that is at issue in the instant action. APHIS

acknowledged the request on June 13, 2013. Plaintiff subsequently narrowed the scope of the

request, at APHIS's request, and communicated such to APHIS on June 28, 2013. The

statutorily-required response date was July 5, 2013. Still, APHIS did not provide a final response

until October 17, 2013. Not only did APHIS respond three months late, but it withheld *all*

responsive records. *See* van Saun Decl. Ex. 12.

61.     On June 20, 2013, Plaintiff submitted a FOIA request (2013-APHIS-03993-F)

related to the proposed testing of GE pineapple. APHIS acknowledged this request and

confirmed the statutorily-required response date of July 19, 2013. APHIS has, to date, not

provided a final response to this request. In APHIS's FOIA database it is still marked as "in

process"—over two years later. *See* van Saun Decl. Ex. 13.

62.     On June 25, 2013, Plaintiff submitted a FOIA request (2013-APHIS-04094-F)

related to APHIS's ongoing investigations of numerous unauthorized releases of GE organisms

during field trials, which cause contamination of traditional crops and native environments.

APHIS acknowledged this request on June 27, 2013, and confirmed the statutorily-required

response date of July 25, 2013. APHIS denied the request in full on September 11, 2013, nearly two months late. *See* van Saun Decl. Ex. 14.

63.     On August 21, 2013, Plaintiff submitted a FOIA request (2013-APHIS-05006-F) to APHIS regarding experimental GE oranges and other GE citrus. APHIS acknowledged the request on August 26, 2013, and confirmed the statutorily-required response date of September 20, 2013. Despite conversations between Plaintiff and APHIS regarding the scope of Plaintiff's request throughout the rest of 2013, APHIS unreasonably delayed and failed to produce any responsive documents for nine months. Plaintiff was again forced to commence legal action against APHIS to compel compliance with FOIA. *See Ctr. for Food Safety v. USDA*, No. 14-cv-00955 (D.D.C. June 5, 2014). In this litigation, the court ordered APHIS to produce all non-exempt records. Minute Order, *Ctr. for Food Safety v. USDA*, No. 14-cv-00955 (D.D.C. Oct. 15, 2014). APHIS ultimately provided the final response on December 18, 2014—over one year after the statutory deadline. *See* van Saun Decl. Ex. 15.

64.     On November 20, 2013, Plaintiff submitted an appeal (2014-APHIS-00037-A) of APHIS's response to its request regarding the PPA rulemaking (2013-APHIS-03770-F; *see supra* ¶ 60). APHIS received the appeal on November 27, 2013, and its determination was due on December 27, 2013. Upon review of Plaintiff's appeal, APHIS released non-exempt documents (about half of those previously withheld) on May 16, 2014—nearly one year after the original request, and nearly six months past the statutory deadline for responding to the appeal. *See* van Saun Decl. Ex. 16.

65.     On January 6, 2014, Plaintiff submitted a FOIA request (2014-APHIS-01431-F) regarding the comment period for a proposed GE apple, the first of its kind. APHIS acknowledged the request and confirmed the statutorily-required response date of February 4,

2014. APHIS did not provide a final response until May 23, 2014—nearly four months past the deadline. *See* van Saun Decl. Ex. 17.

66.      On January 28, 2014, Plaintiff again made a FOIA request (2014-APHIS-01799-F) to APHIS regarding the experimental testing of GE eucalyptus trees. On January 30, 2014, APHIS acknowledged receipt of the request, confirming a response due date of February 27, 2014. One month after this deadline, Plaintiff had received no correspondence or updates from APHIS, nor been assigned a FOIA officer. Eight months after the deadline, APHIS still had not provided any responsive documents, or even an estimate of when they would be provided. Nearly one year after the initial request, on January 13, 2015, APHIS finally provided a partial response. It did not provide the remainder of the responsive documents until March 4, 2015—over one year after the statutory deadline. *See* van Saun Decl. Ex. 18.

67.      On March 25, 2014, Plaintiff submitted an expedited FOIA request (2014-APHIS-02759-F) regarding GE organism field trial violations and/or unauthorized releases. APHIS acknowledged the request and confirmed the statutorily-required response date of April 22, 2014. APHIS provided a partial response on July 29, 2014, and another partial response on October 6, 2014—nearly six months past the statutorily-required deadline. *See* van Saun Decl. Ex. 19.

68.      On May 5, 2014, Plaintiff submitted a FOIA request (2014-APHIS-03556-F) regarding field trials of experimental GE chestnut trees, requesting documents related to one specific permit. APHIS acknowledged the request and confirmed that its required response date was June 3, 2014. That date came and went with no response from APHIS. After several inquiries, APHIS provided its response on July 30, 2014—two months late. *See* van Saun Decl. Ex. 20.

69.      On October 1, 2014, Plaintiff submitted a FOIA request (2015-APHIS-00035-F)

requesting additional documents related to field trial permits for GE chestnut trees. APHIS

acknowledged the request and confirmed the response date was October 30, 2014. Yet, APHIS

did not provide the first partial response until March 10, 2015—over four months late—

nor the final response until June 24, 2015—nearly eight months late. *See* van Saun Decl. Ex. 21.

70.     On October 2, 2014, Plaintiff submitted a FOIA request related to GE wheat field

trials. According to Plaintiff's records, to date—nearly ten months after the statutorily-required

response date—Plaintiff has not heard a word from APHIS regarding this request. To Plaintiff's

knowledge APHIS never acknowledged the request, nor provided a reference number, any

responsive documents, status updates, or correspondence related to this request, despite

Plaintiff's inquiry. *See* van Saun Decl. Ex. 22.

71.     On January 9, 2015, Plaintiff appealed APHIS's response to an April 25, 2013,

FOIA request (2013-APHIS-03106-F) related to GE chestnut field trials. APHIS acknowledged

the appeal (2015-APHIS-00068-A) and confirmed its required response date of February 9,

2015. Still, APHIS did not provide a determination on the appeal until June 25, 2015—over four

months past the statutorily-required deadline. *See* van Saun Decl. Ex. 23.

72.     On January 12, 2015, Plaintiff submitted a FOIA request (2015-APHIS-01463-F)

regarding field tests of GE eucalyptus trees, which APHIS acknowledged on January 14, 2015.

The response was due on February 10, 2015. Nearly four months past this deadline, on June 3,

2015, APHIS requested clarification on the scope of the request, which Plaintiff immediately

provided on the same day. To date—six months past the statutory deadline—Plaintiff has not

received any responsive documents, status updates, or correspondence related to this request. *See*

van Saun Decl. Ex. 24.

73.     On April 15, 2015, Plaintiff timely appealed APHIS's late response to its

January 28, 2014, FOIA request regarding GE eucalyptus trees (2014-APHIS-01799-F; *see supra* ¶ 66). APHIS's determination on Plaintiff's appeal (2015-APHIS-00134-F) was due on May 13, 2015. Yet to date, APHIS has not responded to the appeal other than to acknowledge its receipt. *See* van Saun Decl. Ex. 25.

74. On April 28, 2015, Plaintiff submitted a FOIA request (2015-APHIS-05195-F) to APHIS regarding GE canola. APHIS never responded at all or provided an acknowledgement until August 19, 2015—nearly three months after the statutorily-required response date of May 28, 2015, and only at Plaintiff's specific request. APHIS has not provided any updates beyond the acknowledgement letter, and to date has not provided a response. *See* van Saun Decl. Ex. 26.

75. On May 7, 2015, Plaintiff submitted a FOIA request (2015-APHIS-03410-F) to APHIS regarding GE diamondback moth. APHIS acknowledged the request on the same day, citing a response date of June 5, 2015. This deadline came and went, with no response or update from APHIS. Plaintiff requested an update on July 16, 2015, forty-one days after the statutory response date. APHIS ultimately provided its response on August 11, 2015, two months late. *See* van Saun Decl. Ex. 27.

76. On May 18, 2015, Plaintiff submitted a FOIA request (2015-APHIS-03585-F) to APHIS regarding GE sorghum. APHIS's response was due on June 17, 2015. Other than an acknowledgment of receipt of the request when it was initially submitted, APHIS has not, to date, provided any response or status update, despite Plaintiff's inquiry. *See* van Saun Decl. Ex. 28.

77. On June 15, 2015, Plaintiff submitted a FOIA request (2015-APHIS-04077-F) to APHIS regarding experimental field trials of GE crops in Hawai'i. APHIS acknowledged the request and the response date of July 15, 2015. A response is still pending, and in

communications during August 2015, APHIS was unable to give either the volume of responsive records or the estimated response date. *See* van Saun Decl. Ex. 29.

78.     In sum, APHIS has failed to provide a timely final response to Plaintiff's requests or appeals in at least twenty-nine instances. *See* van Saun Decl. Ex. 31. Of the requests listed above, APHIS has failed entirely to provide a final response to ten requests and two appeals; failed to make a timely final response to fifteen requests; and failed to make a timely determination on two appeals. In four instances, including the instant litigation, Plaintiff has been forced to pursue remedial legal action to compel APHIS to comply with FOIA.

***Harm to Plaintiff***

79.     On the occasions listed above, APHIS has unreasonably delayed its response to Plaintiff's FOIA requests and appeals regarding GE crops. APHIS has consistently failed to invoke the "unusual circumstances" extension; even if it had, APHIS's routine and prolonged delays in responding extend egregiously far beyond the ten-day extension of time that the exception provides. Thus, in each example outlined above, APHIS failed to provide any valid exception to the FOIA deadlines.

80.     Based on the nature of Plaintiff's organizational activities as described above, Plaintiff will continue to employ FOIA's provisions in information requests to APHIS in the foreseeable future. These activities will be adversely affected if APHIS is allowed to continue violating FOIA's response deadlines.

81.     Plaintiff's access to non-exempt documents from APHIS concerning GE crops and their regulation is essential to Plaintiff's mission and to the public's interest and right to know about the regulation of GE crops. Part of Plaintiff's mission is to ensure that federal agencies with regulatory authority over aspects of food production, such as APHIS, comply with

their statutory mandates and federal environmental laws such as the National Environmental

Policy Act and the Endangered Species Act. Plaintiff also seeks, with regard to GE foods, to

ensure that federal agencies such as APHIS adequately protect public health and the environment

by providing thorough premarket analysis of their risks and impacts.

82.     As such, APHIS's pattern, practice, or policy of delaying its response time to

Plaintiff's requests prejudices Plaintiff's ability to effectively carry out its mission and inform

and represent the interests of the public. Plaintiff has been forced to divert significant resources

from its other programs to persist in obtaining status updates and records from APHIS, and to

pursue remedial legal action under FOIA when necessary. APHIS's consistent delay in FOIA

response time further prejudices Plaintiff's ability to obtain potentially critical information for

Plaintiff's actions to enforce the law in the public interest. These delays harm Plaintiff's

members by depriving them of such information and the benefit of remedial actions that Plaintiff

would take on their behalf.

83.     The requested documents in the examples above are crucial for the public's

understanding of APHIS's regulation of GE crops, as well as their adverse impacts. As GE

organisms affect the environment and agricultural economy once released, information about

field trials that directly impact the livelihoods and health of Plaintiff's farmer and consumer

members is of the utmost importance. Given APHIS's history of allowing thousands of field

trials to occur—through an approval process that does not provide for any public input—and

commercially approving over one hundred GE crop varieties, the public requires the information

requested from APHIS to understand the current landscape of GE regulation or lack thereof.

84.     APHIS's pattern, practice, or policy of unreasonable delay is ongoing and shows

no signs of improvement. Plaintiff is aware of no evidence that APHIS is making any effort to

improve its response time to Plaintiff's FOIA requests.

## CAUSE OF ACTION

### Count I: Violation of the Freedom of Information Act

85.     Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-84 in the Complaint as if fully set forth herein.

86.     Plaintiff made a proper FOIA request for information regarding proposed PPA regulations related to APHIS's regulation of GE crops. *See* 5 U.S.C. § 552(a)(3)(A).

87.     Plaintiff has attempted to communicate with APHIS, making inquiries as to the status of the request and working with the Agency to narrow or clarify the scope of the request as necessary, to no avail. APHIS has repeatedly—on at least six occasions—failed to adequately respond to requests for information about this FOIA request.

88.     APHIS's failure to respond adequately to the request within statutory timelines is a violation of FOIA, *id.* § 552, and the Agency's own regulations promulgated thereunder, 7 C.F.R. Pt. 370.

89.     APHIS's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder, 7 C.F.R. Pt. 370.

90.     APHIS's wrongful withholding of the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the Agency's own regulations promulgated thereunder, 7 C.F.R. Pt. 370.

91.     Plaintiff has fully exhausted its administrative remedies with regard to this request. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C).

**Count II: Violation of the Freedom of Information Act by
Pattern, Practice, or Policy of Failing to Timely Respond to FOIA Requests**

92.     Plaintiff re-alleges and incorporates by reference the allegations set forth in

Paragraphs 1-91 in this Complaint as if fully set forth herein.

93.     In each of the above examples, Plaintiff attempted to communicate with APHIS,

making inquiries as to the status of the requests and working with the agency to narrow or clarify

the scope of the requests as necessary. APHIS routinely ignored and failed to adequately respond

to such inquiries.

94.     In each of the above examples, Plaintiff fully exhausted its administrative

remedies. Administrative remedies are deemed exhausted whenever an agency fails to comply

with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C).

95.     Plaintiff has a statutory right to have APHIS process its FOIA requests in a

manner that complies with FOIA. Plaintiff's rights in this regard are, have been, and will

continue to be violated by APHIS's pattern, practice, or policy of routinely and unlawfully

failing to timely respond to FOIA requests. This pattern, practice, or policy is exemplified by

APHIS's persistent failure to timely respond to Plaintiff's current and past requests, as detailed

in Paragraphs 32-78 of this Complaint. In each of these twenty-nine instances, APHIS failed to

respond to Plaintiff's FOIA requests or appeals within the statutory twenty-day deadline; failed

to provide any meaningful status updates to Plaintiff, despite regular inquiries by Plaintiff; and

delayed significantly in providing a final response.

96.     Plaintiff has concrete plans to submit additional FOIA requests to APHIS on the

topic of GE regulation. Plaintiff's organizational and programmatic activities will continue to

necessitate FOIA requests to APHIS regarding GE crops and organisms, and APHIS's regulation

thereof. These activities will be adversely affected if APHIS is allowed to continue its pattern,

practice, or policy of routine, prolonged, and unreasonable delay in responding to FOIA requests.

97.     APHIS's pattern, practice, or policy of unreasonable delay is ongoing and shows no signs of improvement. Plaintiff is aware of no evidence that APHIS is making any effort to improve its response time to Plaintiff's FOIA requests.

98.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff and others by maintaining its illegal pattern, practice, or policy of unlawfully delaying responses to FOIA requests.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Declare as unlawful APHIS's failure to respond to Plaintiff's FOIA request (2015-APHIS-01298-F) regarding proposed Plant Protection Act regulations, dated December 3, 2014;

B.     Declare as unlawful APHIS's failure to disclose records that Plaintiff has requested pursuant to this request;

C.     Order APHIS to produce all non-exempt records requested by Plaintiff pursuant to request no. 2015-APHIS-01298-F as soon as practicable, by a date certain;

D.     Exercise close supervision over APHIS as it processes Plaintiff's request no. 2015-APHIS-01298-F or, in the alternative, appoint a special master to do so;

E.     Declare APHIS's pattern or practice of failing to timely respond to Plaintiff's FOIA requests unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A);

F.     Issue appropriate injunctive relief to prohibit APHIS from continuing its pattern or practice of failing to timely respond to Plaintiff's FOIA requests;

G.     Order APHIS to comply with 5 U.S.C. § 552(a)(6)(A) and (B) on all currently

pending requests over which Plaintiff and Defendant have not already litigated, as well as future requests;

H.      Order APHIS to make amendments to its FOIA Handbooks, guidance documents, policies, procedures, and/or training programs to ensure complete and timely compliance with FOIA in the future, including a requirement to timely respond to inquiries and provide estimated response dates;

I.      Exercise close supervision over APHIS as it complies with this injunctive relief (or in the alternative appoint a special master to do so) and order APHIS to provide Plaintiff with notice within 30 days of completion of any amendments to its FOIA Handbooks, guidance documents, policies, procedures, and/or training programs;

J.      Award to Plaintiff all costs and reasonable attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law; and

K.      Grant other and further relief as the Court may deem just and proper.

Dated this 25th day of August, 2015.

Respectfully submitted,

/s/ Peter T. Jenkins
PETER T. JENKINS (D.C. Bar No. 477229)
CRISTINA R. STELLA (*Pro Hac Vice* pending)
AMY L. VAN SAUN (*Pro Hac Vice* pending)
Center for Food Safety
660 Pennsylvania Avenue, SE, Suite 302
Washington, DC 20003
T: (202) 547-9359/ F: (202) 547-9429
Emails: pjenkins@centerforfoodsafety.org
         cstella@centerforfoodsafety.org
         avansaun@centerforfoodsafety.org

*Counsel for Plaintiff*